UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DOYLE,
          Plaintiff,

                                   Case No. 1:06-cv-628
                                   Case No. 1:06-cv-630

-v-

                                   HONORABLE WENDELL A. MILES
                                   HONORABLE ELLEN S. CARMODY

KURT JONES et al.,
          Defendants.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

       This matter arises from two consolidated cases, *Doyle v. Jones,* 1:06-cv-628 (#628) filed on September 1, 2006 and *Doyle v. Jones,* 1:06-cv-630 (#630) also filed September 1, 2006. The cases were consolidated by order on March 1, 2007. This Court has before it a Report and Recommendation (#628 Dkt. No. 52 and #630 Dkt. No. 38) and objections (#628 Dkt. No. 53 and #630 Dkt. No. 39). Plaintiff Doyle filed the § 1983 actions against various prison employees. The complaints were referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. The Magistrate Judge issued this Report and Recommendation (R&R) on August 8, 2007 in which she recommended granting Defendants' motion for summary judgment (#628 Dkt. No. and 36 and #630 Dkt. No. 22)

I.  STANDARD OF REVIEW

       After being served with a report issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court conducted a de novo review. Having read the file, including the report, recommendations and relevant authority, the Report and Recommendation is adopted over Plaintiff's objections.

II. ANALYSIS

Plaintiff sues the various Defendants both in their individual and in their official capacities. Plaintiff requests relief as "damages in the amount of $10,000 from each named Defendant" and a transfer to a facility designed to handle ADA prisoners at his custody level. Although the complaint lacks clarity, the Magistrate Judge identifies claims under the Americans with Disabilities Act (ADA), the Eighth Amendment, and for retaliation. The R&R outlines the various claims against each individual defendant and recommends granting summary judgment on each and every claim.

Specifically, the Magistrate Judge concludes that the ADA does not impose liability on individuals and that the various actions alleged by Plaintiff as cruel and unusual punishment are not the sort of conduct actionable under the Eighth Amendment.  The Magistrate Judge also concludes Plaintiff lacks evidence of retaliation.

Plaintiff's objection, like the complaint, lacks clarity.  First, Plaintiff objects to the conclusion that the ADA does not give rise to individual liability, citing *Key v. Grayson*, 998 F. Supp. 793 (E.D. Mich. 1998), *rev'd,* 179 F.3d 996 (6th Cir. 1999), *cert. denied* 528 U.S. 1120 (2000).  Plaintiff argues *Grayson* involved the issue of qualified immunity for prison officials and that where qualified immunity is an issue, the prison official may be liable.

Plaintiff's objection is overruled.  The ADA currently applies to prisons. *Grayson*, 179 F.3d at 998 n. 1 (citing *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998)).  However, at the time *Grayson* was decided, the application of the ADA to prisons was unclear.  *Grayson*, 179 F.3d at 1000-1002.  The issue in the district court and at the Sixth Circuit Court of Appeals was whether the right of prisoners to be free from discrimination under the ADA was clearly established. *Grayson*, 179 F.3d at 999.  The Sixth Circuit concluded the law at the time did not clearly establish that the ADA applied to prisons.  *Id.* at 1002.  The Sixth Circuit's decision does not support Plaintiff's proposition of law.

Plaintiff fails to respond to the Magistrate Judge's authority that the ADA does not impose liability on individuals.  The Sixth Circuit has held that Title II of the ADA does not allow suits against public employees in their individual capacities. *Williams v. McLemore,* No. 05-2678, 2007 WL 1748146 (6h Cir. June 19, 2007) (unpublished opinion); *Lee v. Michigan Parole Bd*, 104 F.App'x 490, 492 (6th Cir. 2004).  *But see Niece v. Fitzner*, 922 F. Supp. 1208, 1218-1219 (E.D.

3

Mich. 1996). Other circuits have reached the same conclusion. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d Cir. 2001); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[w]e find the reasoning of our sister circuits persuasive. We therefore join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA").

The ADA prohibits discrimination against disabled individuals by a "public entity," which is defined as "any State or local government or any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. §§ 12132 and 12131(1)(A-B).[1] Because the ADA prohibits discrimination by public entities, Plaintiff may sue the individual defendants in their official capacities, but not the named defendants in their individual capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"). *See also Carten v. Kent State University,* 282 F.3d 391, (6th Cir. 2002) ("an official who violates Title II of the ADA does not represent the 'state' for purposes of the Eleventh Amendment, yet he or she nevertheless may be held responsible in an official capacity for violating Title II, which by its terms applies only to 'public entities.'").

---

[1]The ADA prohibits discrimination against disabled persons in various contexts. Title I of the ADA, 42 U.S.C. §§ 12111-12117, applies to discrimination in employment. Title II of the ADA, 42 U.S.C. §§ 12131-12165 applies to discrimination in public services. Title III of the ADA, 42 U.S.C. §§ 12181-12189 applies to discrimination in public accommodations. Most prisoner suits are brought under Title II as prisoners are being provided public services. Prisoners are not employees and are not using a place of public accommodation.

This Court elects to follow *Williams v. McLemore, Lee v. Michigan Parole Bd.* and the majority of published opinions issued by other circuit courts. Both the *Grayson* and *Niece* opinions were issued several years before *Lee* and the opinions of the other circuit courts. The portion of the ADA upon which Plaintiff must rely applies to public, not private, entities and therefore Plaintiff may only sue those individuals who violate Title II in their official capacity. Plaintiff has not objected on the basis that his claim rests on a portion of the ADA other than Title II.

Plaintiff includes an objection that Defendants' conduct violates a clearly established constitutional right which a reasonable person would have known. Plaintiff's argument impacts whether a party would be entitled to qualified immunity. Plaintiff also cites *Wood v. Strickland*, 420 U.S. 308 (1975), arguing a government official intentionally or maliciously deprived him of a constitutional right. The issue in *Wood* was the degree of knowledge or intent required in order for the government officials to invoke the qualified immunity defense. However, as Defendants may not be sued in their individual capacities, qualified immunity is not an issue. *See Kentucky v. Graham,* 473 U.S. 159, 166-167 (1985); *Alkire v. Irving*, 330 F.3d 802, 810-811 (6th Cir. 2003). Plaintiff's objection is overruled.

Finally, Plaintiff objects to the conclusion that Defendants' conduct does not rise to the level of an Eighth Amendment violation. Plaintiff argues whether Defendants' conduct constitutes a violation of the Eighth Amendment should be decided by a jury and is not subject to a summary judgment motion. Again, Plaintiff fails to address the authority provided in the R&R. In addition, Plaintiff confuses the nature of the R&R and a motion for summary judgment. Plaintiff argues "through Defendant's Report and Recommendation," "they have failed to prove or show the allegations made by Plaintiff did not occur." (Objection at 5). The Magistrate Judge, not

5

Defendants, issued the R&R. Defendants do not have to disprove that the conduct alleged did not actually occur to prevail in a motion for summary judgment. The Magistrate Judge accepted Plaintiff's allegations as true and concluded, based upon legal precedent from the Sixth Circuit, that the conduct did not constitute the prohibition on cruel and unusual punishment protected under the Eighth Amendment. Plaintiff did not object to the conclusion that he failed to provide any medical evidence supporting his alleged injuries. Plaintiff's objection is overruled.

Plaintiff does not offer specific objections to the other conclusions included in the R&R. Among the other conclusions, Plaintiff does not offer any specific objections to the conclusion that Defendants' conduct did not constitute retaliation. Plaintiff does not object to the conclusion that the claims against three known and one unknown officer be dismissed without prejudice for failure to timely effect service. Accordingly, this Court accepts the Magistrate Judge's conclusions regarding those other issues.

III. CONCLUSION

Plaintiff's objections are overruled. Plaintiff has failed to create a genuine issue of material fact and Defendants are entitled to summary judgment as a matter of law. Plaintiff cannot recover damages from the named Defendants in their individual capacities. Plaintiff has failed to establish a claim for discrimination under the ADA, a violation of the Eighth Amendment or a claim for retaliation. Therefore, Plaintiff's request for injunctive relief is appropriately denied.

ORDER

The Report and Recommendation ((#628 Dkt. No. 52 and #630 Dkt. No. 38) is **ADOPTED OVER OBJECTIONS.** Plaintiff's objections (#628 Dkt. No. 53 and #630 Dkt. No. 39) are **DENIED.** Defendants' motion for summary judgment (#628 Dkt. No. and 36 and #630 Dkt. No. 22) is **GRANTED**. Plaintiff's claims against Defendants Hanes, Golit, Nelson, and "unknown officer" are **DISMISSED WITHOUT PREJUDICE** for failure to timely effect service. This resolves the last pending claim and the action is **TERMINATED.**

Date:   November 15, 2007                          /s/ Wendell A. Miles
                                                   Wendell A. Miles
                                                   Senior United States District Judge